UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

XAVIER DUPERVIL,

                Plaintiff,

           v.

EARLY WARNING SERVICES, LLC,

                Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**

25-CV-1616 (RPK) (LKE)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Xavier Dupervil brings this false credit reporting action against Early Warning Services LLC.  He raises claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the New York General Business Law ("NYGBL"), and for defamation.  For the reasons stated below, defendant's motion to dismiss is granted, and plaintiff's motion seeking leave to file a second amended complaint is denied.

## BACKGROUND

According to the amended complaint, defendant Early Warning Services "compiled a consumer report concerning Plaintiff" which falsely stated that he "[o]verdrew multiple bank accounts," "[c]ommitted 'account abuse' leading to an unpaid loss," and "[h]ad dozens of transactions returned due to 'insufficient funds.'"  Am. Compl. ¶¶ 6–7 (Dkt. #9).  Dupervil further alleges that Early Warning Services "furnished this report to third parties . . . without verifying the accuracy of the data" and that, as a result, he "was denied the ability to open a new bank account," which caused him "financial harm and reputational damage."  *Id.* ¶¶ 9–10.  Plaintiff also claims

1

that he "submitted a dispute to Defendant, but Defendant failed to correct the inaccurate information." *Id.* ¶ 11.

The amended complaint asserts three claims. Count One alleges that Early Warning Services violated § 1681e(b) of the FCRA by "fail[ing] to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's file," and § 1681i by "fail[ing] to conduct a reasonable reinvestigation after Plaintiff disputed the false information." *Id.* ¶¶ 13–14. Count Two claims that Early Warning Services committed defamation by "negligently and/or maliciously publish[ing] false statements about Plaintiff" which "were published to third parties and caused damage to Plaintiff's reputation and standing with financial institutions." *Id.* ¶¶ 17–18. Finally, Count Three alleges that Early Warning Services violated NYGBL § 349 by "publishing false data and failing to correct it." *Id.* ¶ 20.

Early Warning Services moved to dismiss the amended complaint. It argues that Dupervil's claims are inadequately pleaded and that the defamation claim is pre-empted by the FCRA. Mot. to Dismiss 3–7 (Dkt. #10-1).

Dupervil also moves to file a second amended complaint. *See* Notice of Mot. for Leave to File Second Am. Compl. (Dkt. #13). The proposed second amended complaint adds factual allegations explaining the specific errors made by Early Warning Services in the consumer report. *Id.* ¶ 9. Early Warning Services opposes this motion on the ground that these additional allegations do "nothing to address the plausibility issues with the Amended Complaint." Resp. in Opp'n to Mot. to File Second Am. Compl. 5 (ECF pagination) (Dkt. #15).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint

2

must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).    The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)).  When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Ibid.* The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id.* at 678–79.

When a plaintiff proceeds *pro se*, his complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Dupervil's FCRA and NYGBL claims are inadequately pleaded, and the defamation claim is preempted by the FCRA.  All three claims are accordingly dismissed.  The motion for leave to file a second amended complaint is denied because the proposed amendments would be futile.

### I.    Amended Complaint

#### a.  FCRA

The operative amended complaint fails to plausibly allege a claim under the FCRA.

Section 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b), a plaintiff must establish that "(1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury." *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *2 (E.D.N.Y. June 14, 2019) (citation omitted) (collecting cases).

Separately, § 1681i of the FCRA requires that consumer reporting agencies "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). "What constitutes a 'reasonable' reinvestigation depends on the circumstances of the allegations." *Khan*, 2019 WL 2492762, at *3 (citation omitted); *see Suluki v. Credit One Bank, NA*, 138 F.4th 709, 720 (2d Cir. 2025) (explaining a reasonable investigation "is one 'that a reasonably prudent person would undertake under the circumstances.'" (citation omitted)). As with a § 1681e(b) claim, "a plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate." *Khan*, 2019 WL 2492762, at *3 (citation omitted).

Dupervil fails to state a claim under either section because he has not adequately pleaded that Early Warning Services failed to follow "reasonable procedures" to assure the accuracy of its credit report or that it failed to conduct a "reasonable" reinvestigation. Dupervil's allegations relating to the reasonableness of Early Warning Service's procedures are sparse and conclusory.

4

He states only that Early Warning Services "furnished [the] report to third parties . . . without verifying the accuracy of the data," and that after a dispute was filed it "failed to correct the inaccurate information." Am. Compl. ¶¶ 9, 11. Courts have routinely dismissed FCRA claims of this sort where the complaint lacks factual allegations regarding the reasonableness of the consumer reporting agency's procedures. *See, e.g.*, *Ahmad v. Experian Info. Sols., Inc.*, No. 23-CV-2222 (LJL), 2023 WL 8650192, at *5 (S.D.N.Y. Dec. 14, 2023) (dismissing a FCRA claim because "Plaintiff fail[ed] to allege how the procedures used by Defendant were unreasonable"); *Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058 (MKB), 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) (dismissing FCRA claims where plaintiff failed to "make any allegations relating to the procedures [defendants] instituted to ensure the accuracy of the information in [plaintiff's] credit reports" or relating to "the procedures followed or investigations" of the dispute).

Because Dupervil has not plausibly alleged that Early Warning Services failed to follow reasonable procedures under either § 1681e(b) or § 1681i, his FCRA claims are dismissed.

### b. Defamation

Dupervil's defamation claim is preempted by the FCRA.

The FCRA provides that "no consumer may bring any action or proceeding in the nature of defamation . . . or negligence with respect to the reporting of information against any consumer reporting agency, . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). As a result, a defamation claim relating to false information in a credit report is preempted unless the plaintiff plausibly alleges that the consumer reporting agency acted with "malice or willful intent to injure" him. *See id.*

Dupervil has not plausibly alleged that Early Warning Services acted with malice or willful intent to injure. The complaint contains no facts suggesting that Early Warning Services acted

with malicious intent.  It merely asserts that "Defendant negligently and/or maliciously published false statements about Plaintiff."  Am. Compl. ¶ 17.  This conclusory statement is insufficient to plausibly allege malicious or wilful intent.  *See, e.g.*, *Desmarattes v. Equifax*, No. 22-CV-3330 (KAM) (TAM), 2023 WL 8473362, at *11 (E.D.N.Y. Dec. 7, 2023) (dismissing defamation claim based on false information in a credit report because plaintiff failed to "allege[] facts establishing malice or willful intent to injure"); *Holmes v. Experian Info. Sols., Inc.*, 507 F. App'x 33, 35 (2d Cir. 2013) (affirming district court's dismissal of defamation claim based on false information in a credit report where plaintiff failed to allege facts establishing malicious or willful intent).

Because Dupervil has not plausibly alleged that Early Warning Services acted with malicious or willful intent, the FCRA preempts his defamation claim.

### c.  NYGBL

Finally, the operative complaint fails to plausibly state a claim under NYGBL § 349.

New York General Business Law § 349 bars "deceptive . . . acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in" New York.  To state a claim under NYGBL § 349, a plaintiff must establish that "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).  The "threshold inquiry" is the first element—whether the act or practice is consumer-oriented. *Rodriguez v. It's Just Lunch, Int'l*, No. 07-CIV-9227 (SHS) (KNF), 2010 WL 685009, at *7 (S.D.N.Y. Feb. 23, 2010).  An act or practice is "consumer-oriented" if it has a "broad[ ] impact on consumers at large." *Ibid.* (alteration in original) (quoting *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995)).

Here, Dupervil has not plausibly alleged that Early Warning Services' actions had a broad impact on consumers at large. The complaint establishes nothing more than a private dispute. It alleges that "Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information in *Plaintiff's* file," that defendant "failed to conduct a reasonable reinvestigation after *Plaintiff* disputed the false information" in his file, and that "Defendant negligently and/or maliciously published false statements about *Plaintiff*." Am. Compl. ¶¶ 13, 14, 17 (emphases added). Moreover, the complaint alleges only that "*Plaintiff* suffered actual injury as a result of Defendant's conduct, including loss of access to financial services." *Id.* ¶ 21 (emphasis added). These allegations are insufficient to plausibly establish a general impact on consumers at large. *See, e.g.*, *Marska v. Kalicki*, No. CV-06-1237 (RRM) (AKT), 2010 WL 11606422, at *5 (E.D.N.Y. Mar. 26, 2010) (dismissing N.Y.G.B.L. § 349 claim based on false information in a consumer report because plaintiff "fail[ed] to present any allegation that [defendants] engaged in conduct that has resulted in any injury to the general public"); *Abdallah v. LexisNexis Risk Sols. FL Inc.*, No. 19-CV-3609 (RRM) (VMS), 2021 WL 1209419, at *8 (E.D.N.Y. Mar. 30, 2021) (same).

Because Dupervil has not plausibly alleged that Early Warning Service's actions broadly affected the public, his N.Y.G.B.L. § 349 claim is dismissed.

## II.    Proposed Second Amended Complaint

Dupervil's motion for leave to file a second amended complaint is denied. While Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it is well-established that "a Court has discretion to deny a motion for leave to amend a complaint for, *inter alia*, futility of the amendment," *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 298 (E.D.N.Y. 2013). Here, amendment would be

futile because the proposed amended complaint does not cure any of the deficiencies identified in defendant's motion to dismiss. Specifically, while the amended complaint provides additional detail about disputed consumer reporting entries, it does not explain how Early Warning Services failed to follow reasonable procedures or failed to conduct a reasonable reinvestigation; acted maliciously or with willful intent to injure; or had an impact on consumers beyond plaintiff himself.

Leave to file a further amended complaint is denied. Plaintiff has already filed three complaints or proposed complaints in this action, and he has not suggested in response to defendant's motion that a further amended complaint could cure any of the deficiencies identified in the motion to dismiss. *See* Reply to Def.'s Opp'n to Mot. for Leave to File Second Am. Compl. (Dkt. #16). Under these circumstances, the Court concludes that offering a further opportunity to amend would be futile. *See, e.g.*, *Jones-Bey v. Stanislov*, No. 23-CV-5599 (DEH), 2024 WL 3520636, at *5 (S.D.N.Y. July 23, 2024) (denying leave to amend where *pro se* plaintiff "ha[d] not identified how further amendment would cure deficiencies with her pleadings"); *Baez v. N.Y.C. Dep't of Educ.*, No. 24-CV-06597 (HG), 2026 WL 44883, at *9 (E.D.N.Y. Jan. 7, 2026) ("The fact that [*pro* se] Plaintiff's Opposition does not explain how she intends to amend her Complaint is sufficient reason by itself to deny leave to amend.").

## CONCLUSION

The motion to dismiss is granted. Plaintiff's motion seeking leave to file a second amended complaint is denied. The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this order to plaintiff.

Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith and therefore *in forma pauperis* status

is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

        SO ORDERED.

                                        */s/  Rachel Kovner*
                                        RACHEL P. KOVNER
                                        United States District Judge

Dated: March 31, 2026
        Brooklyn, New York